**Fred A. POPE, Appellant,**

v.

**Phil C. ANDERSON, and Multi-Venture of Fairbanks, Alaska, Inc., an Alaskan Corporation, Appellees.**

**Phil C. ANDERSON, and Multi-Venture of Fairbanks, Alaska, Inc., an Alaskan Corporation, Appellants,**

v.

**Fred A. POPE, Appellee.**

Nos. 79, 89.

Supreme Court of Alaska.

March 3, 1962.

Rehearing Denied April 13, 1962.

Robert A. Parrish, Fairbanks, for Fred A. Pope.

Warren A. Taylor, Taylor & Crane, Fairbanks, for Phil C. Anderson and another.

Before NESBETT, C. J., DIMOND, J., and VON DER HEYDT, Superior Court Judge.

VON DER HEYDT, Judge.

The facts of the case are not in dispute and they are briefly as follows.

Appellee, Multi-Venture, Inc., was the owner of a certain Allis-Chalmers Tractor. During the daytime hours this tractor was leased to other concerns. After the regular working hours Multi-Venture used the tractor for snow removal projects in Fairbanks and the Fairbanks area. On the 11th of April, 1956, between 5:00 and 5:30 in the afternoon, and after the regular working day, the appellee, Phil C. Anderson, operator of the tractor, stopped the tractor in front of appellant Fred A. Pope's place of business. Pope indicated to Anderson the snow removal he wished to have done. A short time later Anderson stopped the tractor in order to change the angle of the blade. The blade was attached to the tractor on a U-shaped frame and suspended from the U-frame at three points, one on each side and one on the middle in front. An arm of the blade runs back on each side, and a center pin is in front. The purpose of the center pin is to hold the blade in a central position so that it may be angled to either side or face directly forward. If the center pin is not in place, and the side arms are released, the blade will fall. The center pin had been replaced shortly before the accident and a substitute pin had been put in use until a new pin could be obtained.

While Anderson was attempting to change the angle of the blade, it dropped, causing one of the arms to go up and out, striking Pope, who had approached the tractor, and causing him injury.

Suit was filed by appellant Pope for damages resulting from injuries thus sustained. The case was tried to the court without jury on September 21 and 22, 1960.

At the close of appellant's case, the appellees moved for judgment of dismissal under Rule 41(b), Rules of Civil Procedure, State of Alaska. The trial court found the evidence insufficient upon the question of appellees' negligence, granted appellees' motion, and the case was dismissed. Findings of Fact, Conclusions of Law, and Judgment were entered on October 10, 1960. Appellant appealed, assigning error.

The Findings of Fact and Conclusions of Law signed and entered on October 10, 1960, contain but one Finding of Fact and two Conclusions of Law, as follows:

"I.

"That the Plaintiff failed to prove that the Defendants were negligent on [sic] the operation of the caterpillar trailor [sic] mentioned in plaintiffs Complaint.

From the foregoing Findings of Facts the Court deduces the following its

"CONCLUSIONS OF LAW

"I.

"That the plaintiff is not entitled to judgment as prayed for in his Complaint.

"II.

"That the actions should be dismissed upon the merits, and that the Defendant should recover from the Plaintiff a [sic] attorney fee and their costs of action."

The question thus presented for determination is whether the trial court erred as a matter of law in finding appellees were not negligent, and dismissing appellant's action at the close of his evidence under Rule 41(b) of the Rules of Civil Procedure of the State of Alaska.

The pertinent part of Rule 41, subparagraph (b), reads as follows:

" * * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his

right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). * * *"

This Court has previously been called upon to determine the application of Rule 41(b) to similar circumstances,[1] and we apply this ruling to the instant case.

██ Appellant urges that the trial court erred in its failure to find that appellee Anderson had a duty to inspect the center pin of the tractor before attempting to change the angle of the dozer blade and to warn appellant of a dangerous condition. Anderson testified to considerable length (he was called and testified as appellant's witness) upon this aspect of the case, and to the effect that since his experience with this type of equipment began in 1946 he had never heard of a center pin coming out before. Appellant did not refute this evidence by his testimony, or by the evidence of any other witness. The record reflects that no additional proof was offered upon this point. We cannot find, then, under these facts, that the appellant established a prima facie case, and that the trial court erred in failing to find appellee Anderson had a duty to inspect the center pin and warn the appellant. The only evidence on this question, which was offered, was the testimony of appellee Anderson himself. This testimony was generally contrary to appellant Pope's contention that a reasonably prudent man would have inspected the center pin. The trial court's finding on this point is affirmed.

██ The appellees have cross appealed alleging as error the failure of the trial court to make certain findings concerning appellant's alleged assumption of risk, and that he acted as a volunteer. In view of our decision sustaining the dismissal, it is unnecessary to consider the points raised by cross-appellant Anderson. The cross appeal is therefore dismissed.

The judgment is affirmed.

1. Rogge v. Weaver, No. 63, 368 P.2d 810 (Alaska, Feb. 6, 1962).